IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN C. MARK,

        Plaintiff,               No. 2:09-cv-03583 KJN P

    vs.

MARTINEZ, et al.,

        Defendants.        ORDER

_____/

        Plaintiff is a former state prisoner[1] proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to

---

[1] Plaintiff filed the instant complaint while incarcerated at California State Prison-Sacramento; he has since been released.

1

28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (modification in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). 28 U.S.C. § 1915A(b)(1),(2).

      Plaintiff seeks damages pursuant to his allegations that parole agents Martinez and Albright, defendants herein, violated plaintiff's rights to privacy and liberty under the Fourth and Fourteenth Amendments, as well as state statutory and constitutional law. Plaintiff alleges that Martinez, authorized by his supervisor, Albright, disclosed confidential information in a child custody proceeding involving plaintiff's daughter, specifically, that one of plaintiff's urine samples tested positive for methamphetamine and alcohol. Plaintiff also contends that Martinez falsely stated that plaintiff could not be reached or contacted. Despite later obtaining a letter of retraction from plaintiff's next-assigned parole officer, plaintiff alleges that he lost custodial rights to his minor daughter, his relationship with his family has been irreparably damaged, and his daughter has since been abused by her guardian (plaintiff's mother). Plaintiff contends that defendants violated their duty to maintain the security of plaintiff's central file, an allegation plaintiff asserts he has exhausted pursuant to the California Tort Claims Act.

      Plaintiff has attached several exhibits which appear to indicate, inter alia, that

plaintiff's tort claim was denied as untimely and that he failed to exhaust his administrative grievances through the third level of review required by the California Department of Corrections and Rehabilitation ("CDCR").  Also attached is a copy of the underlying Petition for Appointment of Guardian.

These allegations fail to demonstrate that this court has subject matter jurisdiction over plaintiff's legal claims.  See 28 U.S.C. § 1331.  Federal question jurisdiction requires "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law."  Franchise Tax Board v. Construction laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  "[I]n order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); see also Easton v. Crossland Mortgage Corp., 114 F.3d 979 (9th Cir. 1997) (where the remedies sought are founded exclusively on state law, there is no federal jurisdiction even though the state law claims include incidental reference to a federal statute or the United States Constitution).

Domestic relations, including issues of child custody, are matters delegated exclusively to the states.  Elk Grove Unified School District v. Newdow, 542 U.S. 1, 12 (2004).[2]

---

[2] As stated by the Supreme Court:

> One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations.  Long ago we observed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." In re Burrus, 136 U.S. 586, 593-594 (1890). See also Mansell v. Mansell, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law"); Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern").  So strong is our deference to state law in this area that we have recognized a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).

Elk Grove Unified School District v. Newdow, 542 U.S. at 12 (parallel citations omitted).

3

1    Moreover, as a matter of federal law, state parolees retain only limited rights to privacy.  "A state
2    may closely supervise parolees and impinge on their privacy rights to a greater extent than on the
3    rights of the general public because administration of the parole system is within the state's
4    'special needs' to ensure that the parolee observes the conditions of parole.  Parolees retain some
5    Fourth Amendment safeguards, but are not entitled to the full panoply of rights and protections
6    possessed by the general public."  Motley v. Parks, 432 F.3d 1072, 1083 (9th Cir. 2005), citing
7    Griffin v. Wisconsin, 483 U.S. 868, 873, 874 (1987).  Plaintiff fails to articulate how the conduct
8    of which he complains was outside the scope of his limited Fourth Amendment rights.  In
9    addition, while parolees have a due process liberty interest in their continued release and thus are
10   entitled to certain procedural protections before their parole may be revoked, Morrissey v.
11   Brewer, 408 U.S. 471, 482 (1972), plaintiff fails to articulate how this interest may have been
12   impacted by the conduct he challenges.
13           Accordingly, the court finds the allegations in plaintiff's complaint too vague to
14   determine whether he may state a potentially cognizable federal claim based on the challenged
15   conduct.  The complaint must therefore be dismissed.  However, the court will grant plaintiff
16   leave to file an amended complaint.
17           If plaintiff chooses to amend the complaint, he must demonstrate how the
18   conditions about which he complains resulted in a deprivation of his federal constitutional rights.
19   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  The statute requires that there be an actual
20   connection or link between the actions of the defendants and the deprivation alleged to have been
21   suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  "A
22   person 'subjects' another to the deprivation of a constitutional right, within the meaning of
23   § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to
24   perform an act which he is legally required to do that causes the deprivation of which complaint
25   is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Additionally, "[u]nder Section
26   1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious

liability. A supervisor may be liable [only] if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citations omitted).

Finally, because plaintiff premises his claims on the administrative grievances he filed due to his parole status, he is reminded that any Section 1983 action based upon these claims requires exhaustion of the administrative remedies available to plaintiff. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). Moreover, compliance with the California's Tort Claims Act does not satisfy CDCR's administrative exhaustion requirement, but is an independent precondition to suit on claims that must first be timely presented to the California Victim Compensation and Government Claims Board, see e.g., Cal. Govt. Code § 945.4.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, the demonstration of this court's subject matter jurisdiction, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint (Dkt. No. 1) is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

5

also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    4. Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: December 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mark3583.14new.kjn

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN C. MARK,

      Plaintiff,                   No. 2:09-cv-03583 KJN P

    vs.

MARTINEZ, et al.,                NOTICE OF AMENDMENT

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

_____      _____
Dated                                        Plaintiff